IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TOMMY BELL,

                Petitioner

VS.

BARRY GOODRICH, WARDEN,

                Respondent

NO. 5:09-CV-284 (CAR)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

## ORDER

Respondent herein has filed a motion pursuant to 28 U.S.C. §2244(d) seeking dismissal of the above-captioned action filed by the petitioner under 28 U.S.C. §2254, alleging that the petition is untimely filed under provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Tab #9. §2244(d) provides as follows:

> *(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–*
>
> > *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
> >
> > *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*
> >
> > *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
> >
> > *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

Since petitioner is proceeding pro se, the court deems it appropriate and necessary to advise him of his obligation to respond to said motion and of the consequences which he may suffer if he fails to file a proper response thereto.

**Petitioner is advised:**

(1) that a **MOTION TO DISMISS** has been filed herein by the respondent;

(2) that he has the right to oppose the granting of said motion; and,

(3) that if he fails to oppose said motion, his petition may be DISMISSED

Petitioner is further advised that under the procedures and policies of this court, MOTIONS TO DISMISS are normally decided on briefs. The court considers the pleadings and briefs filed by the parties in deciding whether DISMISSAL is appropriate under the law.

**FAILURE OF THE PETITIONER HEREIN TO RESPOND TO THE MOTION TO DISMISS MAY RESULT IN THE GRANTING OF SAID MOTION.** Upon the recommendation of the magistrate judge, the district judge could then grant the motion to dismiss. There would be no hearing or any further proceedings!

Accordingly, petitioner is **ORDERED AND DIRECTED** to file a response to said MOTION TO DISMISS **no later than November 25, 2009.** Thereafter, the court will consider the motion and any opposition to same filed by the petitioner. If no response is submitted by petitioner, the court will consider said motion to be uncontested.

Also before the court is a MOTION TO INTERVENE filed by BRIAN OWENS, Commissioner of the Georgia Department of Corrections. Tab #10. Therein, Commissioner OWENS shows that the warden of the institution named by the petitioner as respondent is the employee of a "private" prison and that the State of Georgia cannot properly defend this action unless the Commissioner is made a party respondent.

Accordingly, and upon consideration of the Commissioner's request to intervene as a party respondent, the same is **GRANTED**. Commissioner OWENS shall be added as a party respondent, and all notices, orders, etc. shall hereafter be served upon his counsel.

**The Clerk is directed to serve petitioner at the LAST ADDRESS provided by him.**

SO ORDERED, this 29th day of OCTOBER, 2009.



s/ *Claude W. Hicks, Jr.*

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE