IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TOMMY BELL,<br><br>              Petitioner<br><br>VS.<br><br>BRIAN OWENS, COMMISSIONER,<br><br>              Respondent | NO.  5:09-CV-284 (CAR)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

On August 11, 2009, petitioner Tommy Bell executed the instant petition seeking federal habeas corpus relief.  Tab #1.  After being served with this action, the respondent filed a response (Tab #8) and a motion seeking dismissal of the petition contending that it was untimely filed pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §2244(d) (Tab #9).  Petitioner Bell was ordered to respond to the motion seeking dismissal on or before November 25, 2009.  Tab #11.  On November 20, 2009, the petitioner filed a document titled "Traverse to Respondent's Motion To Dismiss." Tab #12.  The respondent's motion seeking dismissal is now ripe for review.

### LEGAL STANDARDS

The relevant provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## FACTUAL AND PROCEDURAL HISTORY

On May 17, 1999, in Houston County, Georgia, petitioner Bell was convicted by a jury for the offenses of malice murder, felony murder, kidnaping, aggravated battery, aggravated assault , and four (4) counts of possession of a knife during the commission of a crime.  The petitioner was sentenced to life in prison for his conviction of malice murder; life in prison for kidnaping; and five years in prison for each of two of the convictions for possession of a knife during the commission of certain crimes (murder and kidnaping).  The trial court ruled that the convictions for felony murder, aggravated battery, aggravated assault, and the possession of a knife during the commission of certain offenses (aggravated battery and aggravated assault) merged with other convictions.

On June 25, 1999, petitioner Bell's trial counsel filed a motion for new trial.  Subsequently, the petitioner obtained new appellate counsel who filed an amended motion for new trial on August 8, 2003.  On September 2, 2003, the trial court denied the motion for new trial, as amended.

On September 8, 2003, the petitioner filed a notice of appeal.  His appeal was docketed in the Georgia Supreme Court on September 16, 2003, and was submitted for decision on brief on November 14, 2003.  On May 24, 2004, the Georgia Supreme Court affirmed in part and reversed in part.  *Bell v. State*, 278 Ga. 69, 70, 597 S.E.2d 350 (2004).  On June 28, 2004, the Georgia Supreme Court denied the petitioner's motion for reconsideration.  *Id.*  Petitioner Bell did not seek *certiorari* review to the United States Supreme Court.

On June 9, 2008, the petitioner executed his first **federal** habeas corpus petition.  *See* 5:08-CV-194 (CAR).  The respondent moved to dismiss that petition as untimely filed.  Petitioner Bell then moved for voluntarily dismissal without prejudice.  The respondent did not oppose the petitioner's motion and the same was granted on January 20, 2009.

On September 3, 2008, prior to the dismissal of his first **federal** habeas petition, the petitioner executed a **state** habeas corpus petition. The respondent moved to dismiss this **state** petition as untimely filed under Georgia's statute of limitations.  On June 24, 2009, an evidentiary hearing was held during which the petition was dismissed as untimely filed.  As was noted above, the petitioner then executed the instant **federal** petition on August 11, 2009 and, in response, the respondent answered and has moved to have the petition dismissed as untimely under the AEDPA's one-year period of limitations.

**DISCUSSION**

Upon a review of the positions of the petitioner and respondent herein, the undersigned finds the respondent's arguments persuasive.  In support of this conclusion, the undersigned makes the following observations: (1) petitioner Bell's convictions became final on September 27, 2004,  the date following the expiration of the ninety (90) day period during which the petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court seeking review of the Georgia Supreme Court's  denial of his motion for reconsideration; (2) the petitioner had one (1) year (until September 27, 2005) to properly file a state collateral attack or **federal** habeas petition; and, (3) he did neither.

Accordingly, the respondent's motion seeking dismissal should be **GRANTED** and the instant petition for habeas corpus **DISMISSED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST** **ADDRESS** provided by him.

**SO RECOMMENDED**, this 12th day of April, 2010



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE